UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                    Case No. 8:25-cr-439-VMC-NHA

JOHN ANDRE MORRISON and
MARQUIS KARON MORRISON

_____/

### ORDER

This matter comes before the Court pursuant to Defendant Marquis Karon Morrison's Motion in Limine to Exclude the Testimony of Juan Alvarez (Doc. # 75), filed on February 3, 2026. According to the Motion, Defendant "John Morrison would join the requested relief." (Id. at 8). The United States of America responded on February 12, 2026. (Doc. # 84). For the reasons that follow, the Motion is denied.

### I.   Background

Defendants John Morrison and Marquis Morrison are brothers. The indictment includes five counts: (1) drug trafficking conspiracy against both Defendants (Count One); (2) possessing a firearm in furtherance of a drug trafficking crime on February 11, 2024, against both Defendants (Count Two); (3) possessing a firearm in furtherance of a drug trafficking crime on June 18, 2025, against both Defendants

1

(Count Three); (4) possession of a firearm or ammunition by a convicted felon on February 11, 2024, against John Morrison only; and (5) possession of a firearm or ammunition by a convicted felon on June 18, 2025, against both Defendants (Count Five). (Doc. # 1). These charges arose as a result of two traffic stops and an interdiction of drugs at the Tampa International Airport. The case is set for trial beginning on February 23, 2026.

Mr. Morrison seeks to exclude the expert testimony of Detective Juan Alvarez. (Doc. # 75). In its expert disclosures, the United States identified Detective Alvarez as an expert on "drug trafficking and the characteristics of drug traffickers and dealers, including practices surrounding the importation of drug inventory, the packaging of that inventory, and common tactics drug traffickers employ to avoid detection." (Id. at 3). He will also testify "to the frequency of use of firearms by drug traffickers and dealers" "for protection." (Id.). "Detective Alvarez will further testify that he has reviewed the reports and photographs from this case and that the evidence is consistent with possession with intent to distribute" and "the evidence is consistent with the firearm being used for protection of the product and the individuals." (Id.).

2

The United States has responded (Doc. # 84), and the Motion is ripe for review.

## II.  **Legal Standard**

Federal Rule of Evidence 702 states:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

Implementing Rule 702, Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579 (1993), requires district courts to ensure that any scientific testimony or evidence admitted is both relevant and reliable. See Id. at 589–90. District courts must conduct this gatekeeping function "to ensure that speculative, unreliable expert testimony does not reach the jury under the mantle of reliability that accompanies the appellation 'expert testimony.'" Rink v. Cheminova, Inc., 400 F.3d 1286, 1291 (11th Cir. 2005).

The Eleventh Circuit "requires trial courts acting as gatekeepers to engage in a 'rigorous three-part inquiry.'"

3

Hendrix ex rel. G.P. v. Evenflo Co., 609 F.3d 1183, 1194 (11th Cir. 2010). The district court must assess whether:

> (1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in Daubert; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue.

Id. The proponent of the expert testimony must show, by a preponderance of the evidence, that the testimony satisfies each requirement. Id.

## III. **Analysis**

### A. **Helpfulness**

First, Mr. Morrison argues that Detective Alvarez's testimony will not be helpful to the jury, as required to be admissible under Rule 702.[1] (Doc. # 75 at 4-5). He insists that the "facts of this case are not complex; the alleged conspiracy is quite simple," such that no expert testimony is

---

[1] Although his Motion notes in its background section that the United States did not disclose Detective Alvarez as an expert until February 2, 2026 (Doc. # 75 at 2-3), Mr. Morrison does not argue that the expert testimony should be excluded as untimely. Instead, Mr. Morrison's legal arguments relate only to Federal Rules of Evidence 702 and 704. (Id. at 4-7). Thus, the Court does not interpret the Motion as arguing that the government's expert disclosure was untimely, and the Court will not address such forfeited argument.

needed to assist the jury. (Id.). According to Mr. Morrison, the "need for an expert witness, who is not a fact witness in this case, to offer his opinion of drug trafficking behavior and conclude that the facts of this case are consistent with drug trafficking behavior, is an attempt by the Government to bootstrap the alleged conspiracy in this matter." (Id. at 5).

This argument is unpersuasive. Expert testimony "is admissible if it concerns matters that are beyond the understanding of the average lay person." United States v. Frazier, 387 F.3d 1244, 1262 (11th Cir. 2004). "The operations of narcotics dealers are a proper subject for expert testimony under Rule 702 and [the Eleventh Circuit has] recognized the well-established rule that an experienced narcotics agent may testify as an expert to help a jury understand the significance of certain conduct or methods of operation unique to the drug distribution business." United States v. Garcia, 447 F.3d 1327, 1335 (11th Cir. 2006) (citations and internal quotation marks omitted).

Here, lay jurors are likely unfamiliar with typical practices of drug traffickers, including among other things, how drugs are packaged and drug traffickers' efforts to avoid detection. See United States v. Lozano, 711 F. App'x 934, 939–40 (11th Cir. 2017) (holding that detective's "testimony,

which focused on drug trafficking organizations' recruitment of couriers, efforts to avoid detection, and other operations, is the kind of drug enforcement agent expert testimony this Court has held is admissible" and this "testimony was highly probative, because it could help the jury understand how [defendant's] conduct fit within drug trafficking organizations' operation"). While the drug conspiracy here may be relatively simple, the Court nevertheless determines that testimony about typical drug trafficking practices and behavior will assist the jury. The anticipated expert testimony will offer "more than what lawyers for the parties can argue in closing arguments." Frazier, 387 F.3d at 1262–63.

The Motion is denied as to this argument.

## B.   Rule 704(b)

Next, Mr. Morrison argues that Detective Alvarez's "proposed testimony invades the province of the jury by attempting to offer his opinion as to the intent of the defendants in this case" in violation of Rule 704(b). (Doc. # 75 at 5–6). He insists the United States impermissibly "intends to elicit testimony from Det. Alvarez that the defendants in this case intended to distribute the drugs and

6

possessed the firearms in furtherance of the charged drug trafficking offense." (Id. at 5). The Court disagrees.

"An opinion is not objectionable just because it embraces an ultimate issue." Fed. R. Evid. 704(a). However, "[i]n a criminal case, an expert witness must not state an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged or of a defense. Those matters are for the trier of fact alone." Fed. R. Evid. 704(b). Rule 704 "as a whole makes clear that an opinion is 'about' the ultimate issue of the defendant's mental state only if it includes *a conclusion on that precise topic*, not merely if it concerns or refers to that topic." Diaz v. United States, 602 U.S. 526, 537 (2024) (emphasis added). "An expert's conclusion that 'most people' in a group have a particular mental state is not an opinion about 'the defendant' and thus does not violate Rule 704(b)." Id. at 538.

Here, the United States's expert disclosure does not state that Detective Alvarez will testify about Mr. Morrison's mental state or intent. (Doc. # 75 at 3). At most, the United States's disclosure states that Detective Alvarez will testify that "the evidence is consistent with possession with intent to distribute." (Id.). But such an opinion falls

7

short of an impermissible conclusion that Mr. Morrison had the mental state necessary for conviction. This opinion still leaves to the jury the determination of Mr. Morrison's mental state. Indeed, the United States represents that "Detective Alvarez will not offer an opinion about the intent of the Defendants" and "will not testify that either Defendant had a specific state of mind." (Doc. # 84 at 2-3).

Thus, the Motion is denied as to this argument. If Detective Alvarez attempts to opine specifically about Mr. Morrison's mental state at trial, Mr. Morrison may renew his objection at that time.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Marquis Karon Morrison's Motion in Limine to Exclude the Testimony of Juan Alvarez (Doc. # 75) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 20th day of February, 2026.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE